IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARK MULLIS, )
 )
    Plaintiff, )
 )
v. ) CV 308-041
 )
ANTHONY WASHINGTON, Warden, )
Johnson State Prison, and FNU ALSTON, )
Physician, Johnson State Prison, )
 )
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison located in Wrightsville, Georgia, filed the above captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing the above-captioned complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Anthony Washington, Warden, Johnson State Prison ("JSP"), and (2) FNU Alston, Physician, JSP. (Doc. no. 1, pp. 1 & 4). Plaintiff submits that Defendants have exhibited deliberate indifference to his serious medical needs. (Id. at 5-6).

Plaintiff alleges that, on November 2, 2006 while in transit to Ware State Prison, his neck and back were injured during an automobile accident. (Id. at 5). Plaintiff contends that, despite his repeated requests to be examined by a physician, "the only treatment received by Plaintiff was x-rays and four months after the fact a MRI. Plaintiff was given a neck brace and some mild pain medication." (Id. at 5-6). Plaintiff maintains that, *inter alia*, he continues to suffer severe pain and he has "trouble functioning properly." (Id. at 5). As relief, Plaintiff requests $50,000.00 and $250,000.00 in compensatory and punitive damages, respectively. (Id. at 7). Notably, Plaintiff submits that he appealed the denial of his grievance to the highest level possible in the administrative procedure, but that his appeal was pending when he filed the above-captioned complaint. (Id. at 3-4).

## II. SCREENING OF COMPLAINT

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any

2

inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust a claim, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If an inmate fails to complete the administrative process or falls short of compliance with procedural rules governing inmate grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 81 (2006). Simply put, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Moreover, an inmate must complete the administrative process *before* initiating suit because exhaustion of administrative remedies is a "precondition" to filing an action in federal court. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d

3

532, 538 (7th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

In this case, it is clear from the face of the above-captioned complaint that Plaintiff has failed to exhaust his administrative remedies prior to commencing the above-captioned case. Although Plaintiff indicates that he appealed the denial of his grievance to the highest level possible in the administrative procedure, he also concedes that his appeal was pending at the time he filed the above-captioned complaint. (Doc. no. 1, p. 4). In this regard, even if Plaintiff had argued that the Court should exempt him from the exhaustion requirement due to an alleged delay in obtaining a response to his appeal or due to the purported urgent nature of the issues presented in this case, such an argument would not serve to obviate the exhaustion requirement.[2] Therefore, the above-captioned complaint should be dismissed, without prejudice, because Plaintiff failed to properly exhaust administrative remedies.

---

[2] The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 549 U.S.199, ___, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that a district court may dismiss a prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, the Court can properly recommend that the above-captioned complaint be dismissed because it is clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the above-captioned complaint be **DISMISSED** without prejudice because Plaintiff failed to properly exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5